ETTENSON v. MENDELSON et al.

(City Court of New York, Trial Term. January 4, 1912.)

PRINCIPAL AND AGENT (§ 82*)—CONTRACT OF EMPLOYMENT—CONSTRUCTION—"To"—"OF."

Defendant employed plaintiff as a traveling salesman, agreeing to pay a salary of $1,800 per year, to allow $1,200 for traveling expenses, and to pay a commission of 5 per cent. in excess "to $40,000" sales made by plaintiff and shipped by defendant. *Held*, that the use of the word "to" was a mere grammatical error, the intention of the parties being that plaintiff was only to receive commissions on sales made by him in excess of $40,000, and that the preposition "to" should give place to "of" with which it was synonymous.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 216–219; Dec. Dig. § 82.*

For other definitions, see Words and Phrases, vol. 6, pp. 4911–4913; vol. 8, pp. 6984–6986, 7816.]

Action by Abraham H. Ettenson against Isaac Mendelson and others. Judgment for plaintiff for less than the amount demanded.

Rudolph L. Cherurg, for plaintiff.
Thomas & Oppenheimer, for defendants.

FINELITE, J. On the trial of this action a verdict was, on consent of the defendants, directed in favor of the plaintiff for the sum of $150 being the amount of salary due the plaintiff for the month of March, 1909, as salesman for defendants under a contract entered into between them. Plaintiff also sought to recover a further sum under said contract, as alleged in the second cause of action of his complaint, for commissions on sales made for the defendant, in addition to his salary as aforesaid. An objection having been made by defendants, it was stipulated between the parties hereto that the court reserve its ruling thereon and decide the same as a question of law, and, if the court should hold that the plaintiff is entitled to such commissions, that the amount thereof be added to the verdict rendered.

The agreement under which the plaintiff seeks to recover said commissions reads as follows:

"New York, February 10, 1908.

"Agreement made and entered into this 10th day of February, 1908, between J. Mendelson & Bros. and A. H. Ettenson, of New York, for the term

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of one year, commencing April 1 and ending March 31, 1909. The said A. H. Ettenson agrees to travel and sell the clothing line for said J. Mendelson & Bros., exclusive, in the territories as heretofore; also, in addition, to include part of the coast. The said J. Mendelson & Bros. agree to pay to the said A. H. Ettenson the sum of $1,800 for said term, payable in installments of $150 at the end of each and every month during said term, starting April 1. The said J. Mendelson & Bros. agree to allow to A. H. Ettenson traveling expenses not to exceed $1,200. *The said J. Mendelson & Bros. agree to pay A. H. Ettenson a commission of 5 per cent. in excess to $40,000 sales made by the said A. H. Ettenson and shipped by the said J. Mendelson & Bros.*" (The italics are made by the court.)

The plaintiff contends that the clause of the agreement above was to the effect that said plaintiff was entitled to receive a commission of 5 per cent. in excess of his salary on all sales up to $40,000 made by him, and that, inasmuch as the total amount of sales made by the plaintiff (as was agreed upon the trial) was only equal to the sum of $29,760.56, he is therefore entitled to recover as his commission 5 per cent. thereon.

It is always the duty of a court, in construing a written instrument, if possible, to ascertain the intention of the parties, and, in order to determine its proper construction, resort must be had to the instrument as a whole, and effect must be given to every clause and part thereof, when it can be done without violence, and that, where the intention of the parties to a written contract is intelligible upon the face of the instrument, extrinsic proof of its meaning is inadmissible, and its construction is for the court alone; but where the terms of a contract are so obscure or ambiguous as not to be understood without the aid of adventitious light, then evidence, not only of the surrounding circumstances, but of the acts and conversations of the parties, is competent to illustrate their intention, and upon such evidence the meaning of the instrument is for the determination of a jury.

In examining the clause of the instrument in dispute, it must be read and understood according to the natural and obvious import of the language, without resorting to subtle and forced construction for either limiting or extending its purport. In addition to plaintiff's salary and traveling expenses, defendants agreed to pay to plaintiff "a commission of 5 per cent. in 'excess to $40,000 sales made' by him." By the words "in excess to $40,000" the intent is plain, clear, free from ambiguity, and readily understood to mean the amount by which one number, quantity, or magnitude exceeds another." Standard Dic. The word "to" is only a grammatical error, as the intention of the parties is clear, from the reading of entire contract, that before plaintiff would be entitled to the 5 per cent. commission the sales made by him were to exceed $40,000. If the plaintiff's contention is the correct one that in excess "to" $40,000 sales made is intended to specify the amount up to which commissions was to apply, then plaintiff would be reading into the contract what the parties never intended. The preposition "to" is synonymous with the preposition "of," so as to grammatically construe the sentence "in excess of $40,000." This is the only construction that could be made to fully convey the intention of the parties to this contract.

The objection of the defendant must be sustained, to which the plaintiff may have an exception.